IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WILLIAM BUTERA § | |
| § | CIVIL ACTION NO. _____ |
| V. § | |
| § | JURY DEMANDED |
| FORT BEND COUNTY, TEXAS § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Plaintiff, William Butera (Butera), and files this, her Original Complaint, complaining of Fort Bend County, Texas, in support would respectfully show the Court as follows:

### JURISDICTION

1. Jurisdiction is based upon 42 U.S.C. §§1983 and 1988, the First and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. §§ 1331 and 1343. Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division. Plaintiff also invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

### PARTIES

2. Plaintiff, William Butera, is an individual residing in Fort Bend County, Texas.

3. Defendant, Fort Bend County, Texas is a governmental entity duly created, organized and existing under the laws of the State of Texas.

### SERVICE

4. Defendant, Fort Bend County, Texas may be served with civil process by serving the Fort Bend County Judge.

### BACKGROUND

9. Plaintiff, William Butera, (Butera) was employed as a Deputy Sheriff for the Fort

Bend County Sheriff's Office (FBCSO) for just short of five (5) years. Butera was discharged on June 1, 2006 without explanation. During his tenure with FBCSO, Deputy Butera was never disciplined. William Butera has been a peace officer in the State of Texas for thirty-nine (39) years.

10. While employed at the FBCSO, Butera served as the President of the Fort Bend County Deputy Sheriff's Association (FBCSDA). Butera often discussed employment related matters with the Sheriff in his capacity as President of the Association.

11. In the April 2009, Butera was asked to testify before a sub-committee of the Texas Legislature regarding a proposed amendment to Texas Local Government Code §158 (County Civil Service). Butera met with State Representative Dora Olivo regarding her proposed amendment. Butera was then asked to and did testify before the House sub-committee on County Affairs in his capacity as President of the FBCSDA regarding the proposed Bill, House Bill 1184. A representative from Fort Bend County Human Resources was also present to testify against the Bill.

12. Upon returning to work the following day, Butera was informed by Captain Jim Pokluda that Sheriff Wright was "extremely mad" about Butera going to Austin and to "stay out his way for a couple of months".

13. In June 2009 Butera was ordered to meet with Sheriff Wright regarding the testimony he provided to the Legislative Committee. Sheriff Wright advised Butera that he was unhappy with him going to Austin without his permission and Butera was regularly reminded by Sheriff Wright that he was unhappy about his testimony and support of the proposed legislation. Butera learned in June 2009 that Sheriff Wright had in fact terminated his employment, but that action was reversed at the urging of Chief Deputy Craig Brady.

14. Butera continued in his position as Deputy Sheriff and also remained President of the FBCSDA through 2009 and into 2010. In late May 2010, Butera was again requested to travel to

Austin in his capacity as President of FBCSDA to meet with representatives of the Texas Municipal Police Association legislative committee regarding legislation similar to that proposed by State Representative Olivo in the 2009 Legislative Session. The meeting was to occur on June 2, 2010.

15. On June 1, 2010 Butera was ordered to report to Sheriff Wright's office and was told "your services are no longer needed" and that he was terminated effective immediately. No explanation was given and no disciplinary action was pending against Butera. Butera requested a reason for his termination and was advised by Sheriff Wright to "have a nice day".

## CAUSES OF ACTION
## 42 U.S.C. § 1983

16. Each and every allegation contained in paragraphs 1-15 are realleged as if fully rewritten herein.

17. All of the acts complained of were committed by the Sheriff Wright in his official capacity as the elected Sheriff of Fort Bend County, Texas in violation of 42 U.S.C. Section 1983 and the First and Fourteenth Amendments of the United States Constitution.

18. The Plaintiff alleges that the Defendant took adverse employment action against the Plaintiff for exercising his constitutional rights guaranteed by the First Amendment to the United State Constitution, and equal protection.

19. Plaintiff alleges that the speech and association in which he was engaging is protected by the First Amendment and Fourteenth Amendment of the United States Constitution.

20. The Plaintiff alleges that the Defendant engaged in unequal treatment of the Plaintiff by discriminatory patronage practices against the Plaintiff regarding his terms and conditions of employment on the basis of his exercise of his First Amendment privileges as set forth in paragraphs 1-14 above.

21. The actions of the Defendant derived the Plaintiff of his rights, privileges and immunities provided by the First Amendment of the United States Constitution.

22. In taking these actions, the Defendant acted under color of law within the meaning of 42 U.S.C. Section 1983 and is liable for the resulting damages.

23. The Plaintiff alleges that Sheriff Milton Wright is a policy making official and the Defendant Fort Bend County, Texas is strictly responsible for the actions of Sheriff Milton Wright.

24. The Plaintiff also alleges that the unfair and unlawful discrimination against the Plaintiff was willful, knowing and intentional.

25. The Plaintiff alleges that it is a deprivation of the First Amendment of the United States Constitution to take adverse personnel action against an employee for exercising the right to organize and speak on matters of public concern.

26. Plaintiff alleges that it is clearly established that it is forbidden to discharge an employee for exercising his First Amendment rights as set forth above.

## DAMAGES AND RELIEF

27. As a result of the Defendants conduct, Plaintiff has incurred damages which far exceed the minimal jurisdictional limits of this Court. Specifically, Defendants conduct has resulted in damages in the following manner:

   A. Loss of income in the past and in the future, including past and future vacation pay, loss of past and future bonuses, loss of past and future seniority, loss of past and future sick leave benefits, loss of past and future cost of living and salary benefits, loss of past and future vesting, retirement monies and benefits, loss of past and future medical benefits and insurance;

    B.    Loss of income earning capacity in the past and in the future;

    C.    Mental anguish and emotional distress in the past and in the future;

    D.    Reasonable and necessary legal expenses and attorneys' fees, in both the prosecution of this action, and in the defense of the false allegations against him, including charges for work performed by legal assistants, as permitted by law and statute;

    E.    Plaintiff is seeking all damages allowed by 42 U.S.C. Section 1983 and 1988, and common law.

28.    Plaintiff asserts that the acts were done maliciously, intentionally, recklessly and/or with gross negligence. Plaintiff asserts that he is entitled to punitive or exemplary damages as allowed by law herein.

29.    Plaintiff requests the Court to issue a declaratory judgment that the acts of the Defendants complained of herein violated the Plaintiffs' rights pursuant to 42 U.S.C. Section 1983 and the First and Fourteenth Amendments of the United States Constitution.

## REQUEST FOR INJUNCTIVE RELIEF

30.    Plaintiff reasserts and fully incorporates herein paragraphs **1** thru **29** above as if fully asserted herein.

31.    Plaintiff requests the following injunctive relief:

    A.    that Defendant be ordered to reinstate Plaintiff with back pay and all privileges;

    B.    that Defendant institute policies to insure that the Fort Bend County Sheriff's Office not discharge or discipline employees for the exercise of rights guaranteed under the Constitution;

    C.    that the Defendant Fort Bend County implement procedures to protect its

employees from discharge for exercising their constitutional rights.

## CONDITIONS PRECEDENT

32. All conditions precedent to bringing this suit, each of its causes of action, and each element of damages, if any, have been performed or have occurred.

## ATTORNEYS FEES AND EXPENSES

33. Plaintiff is entitled to reasonable and necessary attorney fees and expenses under both 42 U.S.C. § 1988. Plaintiff also requests all costs of Court and pre and post-judgment interest as allowed by law.

## JURY TRIAL DEMANDED

34. Plaintiff requests a Trial by Jury.

## PRAYER

35. For all of the reasons stated above, Plaintiff respectfully requests that, after trial by jury, this Court grant the relief requested herein and further additionally enjoin Defendant as requested above and for such other relief as this Court deems just.

Respectfully submitted,

Cagle & McCumber

By:_/s_____
Gregory B. Cagle
State Bar No. 00790414
Federal Admission No. 19460
215 E. Galveston St.
League City, Texas 77573
(281) 332-7630 Tel.
(281) 332-7877 Fax